IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                               Nos.    CR 08-1164 MV
                                                                       CIV 16-0630 MV/LF

HERMAN DUBOIS,

    Defendant/Movant.

## ORDER FOR SUPPLEMENTAL BRIEFING

THIS MATTER comes before the Court on Herman Dubois' Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 48.[1] The Honorable Martha Vázquez referred this case to me to recommend to the Court an ultimate disposition of the case. No. CIV 16-0630 MV/LF, Doc. 2. The Court believes that a recent published Tenth Circuit opinion—a case not decided when the briefing was complete—may control the outcome of this case. The Court therefore will direct the parties to submit simultaneous briefs on how *United States v. Snyder*, — F.3d —, 2017 WL 4171886 (10th Cir. Sept. 21, 2017) affects this case, as explained below.

**I.    Background Facts and Procedural Posture**

On December 20, 2010, Dubois pled guilty to an indictment that charged him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Docs. 2, 38, 40. The probation officer who prepared Dubois' presentence report ("PSR") determined that Dubois had at least three prior violent felony convictions, and therefore was subject to an enhanced sentence as an armed career criminal under USSG § 4B1.4 and 18

---

[1] Citations to "Doc." are to the document number in the criminal case, case number CR 08-1164 MV, unless otherwise noted.

U.S.C. § 924(e). PSR ¶ 26. The PSR relied on two prior convictions for burglary of a dwelling house, two prior convictions for aggravated burglary (armed after entering), and a robbery conviction. *Id.* Because Dubois was considered an armed career criminal under 18 U.S.C. § 924(e)(1), he was subject to a mandatory minimum sentence of 180 months in prison, and his guideline imprisonment sentence was 180 months, rather than the ten-year maximum sentence that otherwise would have been applicable. *See* PSR ¶ 91; 18 U.S.C. § 924(a)(2).

Neither party objected to the PSR. *See* Doc. 45. Pursuant to the plea agreement, the government filed a motion for downward departure, which the Court granted. *See* Docs. 43, 44. On May 12, 2011, the Court sentenced Dubois to 144 months in prison. Docs. 45, 46. The Court entered its judgment on May 16, 2011. *See* Doc. 46.

On June 22, 2016, Dubois filed a Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (and *Johnson v. United States*). Doc. 48. The government filed its response on October 31, 2016, Doc. 59, and Dubois filed his reply on February 3, 2017, Doc. 61.

## II. Dubois' Claims and the Government's Response

Dubois argues that his prior robbery conviction and his four prior burglary convictions under New Mexico law no longer qualify as violent felonies under the Armed Career Criminal Act (ACCA), and that his sentence therefore exceeds the statutory maximum sentence. Doc. 48 at 4–15. He argues that because the Supreme Court held in *Johnson* that the ACCA's "residual clause" is unconstitutionally vague, he no longer has three prior felony convictions that qualify as violent felonies under either the "elements clause" or the "enumerated crimes clause" of the ACCA. *See id*. In response, the government does not rely on Dubois' prior robbery conviction. Instead, the government argues that Dubois has four prior burglary convictions that still qualify as violent felonies under the ACCA. Doc. 59 at 2–13.

### III. The Supreme Court's Decision in *Johnson*

The ACCA provides, in pertinent part, that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause"]; or (ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated crimes clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"] . . . ." 18 U.S.C. § 924(e)(2)(B). In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court struck down the residual clause as unconstitutionally vague, but it left intact the elements clause and the enumerated crimes clause. The following year the Court held that *Johnson* announced a substantive rule that applied retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Thus, to be entitled to relief under *Johnson*, a defendant must have been sentenced under the residual clause of the ACCA, not the elements clause or the enumerated crimes clause.

### III. The Tenth Circuit's Decision in *Snyder*

In *Snyder*, the defendant argued—just as Dubois argues here—that his prior burglary convictions under Wyoming law "cannot sustain the ACCA sentencing enhancement." 2017 WL 4171886, at *4. The Tenth Circuit determined that this argument "necessarily implies that the district court, in sentencing Snyder under the ACCA, concluded that his prior burglary convictions fell within the scope of the ACCA's residual clause," not the enumerated crimes clause. *Id.* The district court that considered Snyder's 2255 petition "found, as a matter of

3

historical fact, that it did not apply the ACCA's residual clause in sentencing Snyder under the ACCA," and instead sentenced Snyder based on the enumerated crimes clause. *Id.*

The Tenth Circuit agreed with the district court that whether Snyder was sentenced under the residual clause was a finding, but noted that it was a finding that was based largely on legal conclusions. *Id.* at *5. Thus, the court held that "it may be possible to determine that a sentencing court did <u>not</u> rely on the residual clause—even when the sentencing record alone is unclear—by looking to the relevant background legal environment at the time of sentencing." *Id.* (quoting *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017)). Based on this analysis, the court held that Snyder was not entitled to relief because it was clear, based on the relevant legal background, that "there would have been little dispute at the time of Snyder's sentencing that his two Wyoming burglary convictions involving occupied structures fell within the scope of the ACCA's enumerated crimes clause"—not the residual clause. *Id.*

Here, Dubois was sentenced in March 2011, less than a year after the Tenth Circuit's decision in *United States v. Ramon Silva*, 608 F.3d 663 (10th Cir. 2010). In *Ramon Silva*, the court examined the same New Mexico burglary statute at issue in Dubois' prior residential burglary convictions. *See id.* at 665 (examining N.M. STAT. ANN. § 30-16-3). The statute at issue in *Ramon Silva* also is identical to New Mexico's aggravated burglary statute except for the aggravating factors. *Compare* N.M. STAT. ANN. § 30-16-3 *with* § 30-16-4. In *Ramon Silva*, the court held that because New Mexico's burglary statute was broader than generic burglary, it would employ the modified categorical approach to determine the character of the defendant's burglary. 608 F.3d at 665–66. And because the indictment charged the defendant with entering "a structure, a shed," his crime constituted generic burglary. *Id.* at 666. The defendant therefore

was subject to the ACCA's enhanced sentencing provisions under the enumerated crimes clause. *Id.* at 668–69.

Although the court in *Snyder* noted that this type of analysis "has since been abrogated by the Supreme Court's decision in *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016)," 2017 WL 4171886, at *5 n.4, it nonetheless appears it would have been the analysis that the district court would have been required to employ at the time Dubois was sentenced. Thus, the question becomes whether, given the Tenth Circuit's decision in *Ramon Silva*, there is any dispute that when Dubois was sentenced, his four prior burglary convictions fell within the scope of the ACCA's enumerated crimes clause, not the residual clause.

## IV. Supplemental Briefing

IT IS THEREFORE ORDERED that the parties shall submit supplemental briefs, not to exceed ten pages, that address the effect of the Tenth Circuit's decision in *United States v. Snyder*, — F.3d —, 2017 WL 4171886 (10th Cir. Sept. 21, 2017), on this case. Specifically, the parties should address whether, given the relevant legal background at the time Dubois was sentenced, it is possible to determine that the district court did <u>not</u> rely on the residual clause in sentencing Dubois. The parties shall file their simultaneous supplemental briefs no later than October 27, 2017.

_____
Laura Fashing
United States Magistrate Judge